# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLOVER CONSTRUCTION COMPANY, INC.<br>and PAUL GLOVER,<br><br>    Plaintiffs,<br><br>v.<br><br>CARLISLE MABREY, III, JAMES DUNEGAN,<br>DAN OVERLAND, JACKIE COOPER, LOYD<br>BENSON, BRUCE BENBROOK, BRADLEY<br>BURGESS, GUY BERRY, SKIP NICHOLSON,<br>NORMAN HILL, GARY RIDLEY, GEORGE<br>RAYMOND, GARY EVANS, and DARREN SALIBA,<br><br>    Defendants. | Case No. CIV-07-112-FHS |

## OPINION AND ORDER

Plaintiffs, Glover Construction Company, Inc. ("Glover Construction") and Paul Glover ("Glover"), bring this action under the authority of 42 U.S.C. § 1983 against individuals with the Oklahoma Department of Transportation ("ODOT") for constitutional violations in connection with road construction contracts awarded Glover Construction by ODOT and with respect to ODOT's application of the competitive bidding process for the award of such contracts. The individual Defendants are officials and employees of ODOT, including ODOT Commission members, executive officers, engineers, an investigator, and general counsel. Defendants have filed a Motion to Dismiss Plaintiffs' Second Amended Complaint (Docket No. 74) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Additionally,

1

Defendants assert the defenses of absolute and qualified immunity. Having reviewed the parties' respective submissions, the Court finds dismissal to be inappropriate.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a party asserting a claim must present in his pleading "a short and plain statement of the claim showing that the pleader is entitled to relief." For purposes of reviewing the instant motion to dismiss, the Court is required to take all factual allegations of Plaintiffs' claims as true and to draw all reasonable inferences in their favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Ridge at Red Hawk L.L.C. v. Scheider, 493 F.3d 1174, 1177 (10th Cir. 2007)(on review of a motion to dismiss, the Court will "assume the truth of plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff"). For years, the Court's analysis of a Rule 12(b)(6) motion has been guided by the standard that dismissal was appropriate only where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Recently, however, in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court held that this "standard has earned its retirement," id. at 1969, and it set forth "a new inquiry for [courts] to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, 493 F.3d at 1177 (quoting Twombly, 127 S.Ct. at 1974). To satisfy this new standard, Plaintiffs must "nudge[] [their] claims across the line from conceivable to plausible." Twombly,

127 S.Ct. at 1974.  While detailed factual allegations are not necessary, the assertion of "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.  Thus, in order to survive a Rule 12(b)(6) motion, the non-moving party is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.

A fair reading of the Second Amended Complaint reveals the assertion of four constitutionally based claims by Plaintiffs: (1) retaliation for the exercise of Plaintiffs' First Amendment right to petition for the redress of grievances (Count I), (2) retaliation for the exercise of Plaintiffs' Fourteenth Amendment due process rights (Count II)[1], (3) a violation of Plaintiffs' Fourteenth Amendment right to equal protection (Count III), and (4) retaliation for the exercise of Plaintiffs' First Amendment right to free speech (Count IV).  From the Court's review of the Second Amended Complaint, it is satisfied that Plaintiffs have stated enough facts to make these claims plausible.  The alleged retaliation in this case includes, among other things, designating Glover Construction an "irresponsible bidder" and

---

[1] In Count II, ¶ 61, of the Second Amended Complaint, Plaintiffs also make the assertion that they "have a first amendment right to speak out on matters of public importance."  The Court finds this allegation does not state a separate First Amendment retaliation claim as it is repetitive of the First Amendment claim set forth under Count IV for retaliation for the exercise of the right to free speech.  See Count IV, ¶ 66 ("[Plaintiffs]" have a first amendment right to use the contract clauses, laws, customs and ODOT regulations to speak on matter [sic] of public importance").

prohibiting it from being part of the competitive bidding process. This and other retaliation was allegedly undertaken against Glover Construction for its seeking to obtain an injunction against ODOT in state court to prevent ODOT from excluding Glover Construction from the competitive bidding list, for utilizing laws, customs, contract clauses, and ODOT regulations to recover on its claims on existing contracts with ODOT, and for exercising the right of free speech. Glover Construction also alleges Defendants' treatment of it in connection with future competitive bidding contracts and with its claims on existing contracts with ODOT amounts to an equal protection violation because Defendants have singled it out for disparate treatment from others similarly situated for no rational reason, particularly with respect to claims and allowances on existing contracts. Plaintiffs have asserted specific allegations against the individual employee/executive Defendants of ODOT with respect to the alleged retaliation and discriminatory treatment, and they have asserted that the ODOT Commission member Defendants, in essence, "adopted" the retaliatory motives and discriminatory treatment of the employee/executive Defendants in carrying out their Commission functions in the context of the competitive bidding process. Drawing all reasonable inferences in favor of Plaintiffs with respect to these allegations, the Court concludes Plaintiffs have sufficiently detailed "*who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him." Robbins v. State of Oklahoma, et al., 519 F.3d 1242, 1250 (10th Cir. 2008)(emphasis in original). Thus, although admittedly a close call, the Court finds that

these and other allegations in the Second Amended Complaint, taken in the light most favorable to Plaintiffs, are sufficient to convince the Court that Plaintiffs have "a reasonable likelihood of mustering factual support for *these* claims." Schneider, 493 F.3d at 1177.[2]

Defendants also seek dismissal based on qualified immunity. The affirmative defense of qualified immunity is available to all government officials. Harlow v. Fitzgerald, 457 U.S. 800 (1982). This is an immunity from suit and not merely a defense to liability. Pueblo Neighborhood Health Centers v. Losavio, 847 F.2d 642, 644-45 (10th Cir. 1988) and England v. Hendricks, 880 F.2d 281 (10th Cir. 1989), cert. denied, 493 U.S. 1078 (1990). The test the Court must apply is an objective one which inquires into the objective reasonableness of the official's actions. Harlow, 457 U.S. at 816. Government officials performing discretionary functions will not be held liable for their conduct unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818; see also Clanton v. Cooper, 129 F.3d 1147, 1153 (10th Cir. 1997)(quoting Harlow). The Court first decides whether a constitutional violation has been alleged and only then does it proceed to determine whether the law was clearly

---

[2] Since Defendants do not differentiate between Plaintiffs in seeking dismissal, the Court finds it inappropriate to do so on its own. While it appears that the corporate entity, Glover Construction, would be the proper party to assert the underlying claims given the allegations as framed in the Second Amended Complaint, no argument is made by Defendants that Paul Glover lacks standing to assert claims on his own behalf.

5

established.  Roska v. Peterson, 328 F.3d 1230, 1239 (10th Cir. 2003).

Having determined that Plaintiffs have alleged constitutional violations with respect to the four asserted constitutional claims, the Court will proceed to the second inquiry under the qualified immunity analysis of whether, at the time of the alleged violations, the rights were so clearly established that a reasonable person would have known that the conduct violated those rights. Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996). The Court concludes that it is well established that government officials may not retaliate against individuals engaged in the constitutionally protected activities of exercising their First Amendment rights to redress grievances and free speech, and exercising their Fourteenth Amendment right to procedural due process. See Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 287 (1977); see also Van Deelen v. Johnson, 497 F.3d 1151, 1155-56 (10th Cir. 2007); Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000), cert. denied, 533 U.S. 916 (2001); Richard v. Perkins, 373 F.Supp.2d 1211, 1216-18 (D. Kansas 2005). Likewise, it is well established that the Equal Protection Clause of the Fourteenth Amendment prohibits different treatment by government officials of similarly situated individuals unless there is a rational basis for the difference in treatment. Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 848-49 (10th Cir. 2005) and Bartell v. Aurora Public Schools, 263 F.3d 1143, 1148-49 (10th Cir. 2001). Thus, based on the limited record before it at this stage of the litigation, the

Court concludes Defendants are not entitled to qualified immunity on any of the claims asserted by Plaintiffs.

The Court likewise rejects, at this stage of the litigation, Defendants' attempt to defeat Plaintiffs' claims on the basis of absolute immunity. In certain contexts, the defense of absolute immunity is available to government officials in civil rights suits involving the judicial process. Snell v. Turner, 920 F.2d 673, 686 (10th Cir. 1990) and Butz v. Economou, 438 U.S. 478, 508 (1978). This immunity is typically enjoyed by judges, prosecutors, and witnesses, but such immunity is not automatically vested in such individuals. Id. Rather, the Supreme Court has directed that a functional approach be utilized in assessing absolute immunity for government officials: that is, the inquiry focuses on "the nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 229 (1988). In order for administrative officials to enjoy absolute immunity, "(a) the officials' functions must be similar to those involved in the judicial process, (b) the officials' actions must be likely to result in damages lawsuits by disappointed parties, and (c) there must exist sufficient safeguards in the regulatory framework to control unconstitutional conduct." Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006)(quoting Horwitz v. State Bd. of Med. Examiners, 822 F.2d 1508, 1513 (10th Cir. 1987)); see also Snell, 920 F.2d at 686 ("agency officials who initiate and prosecute enforcement proceedings subject to agency adjudication are entitled to absolute immunity"). Here, the issue of absolute immunity is not capable of resolution at this stage of the

proceedings as the functions of the various Defendants, and the agency itself, have not been established by any factual record which the Court can evaluate. Consequently, dismissal based on absolute immunity, as to all Defendants, is not appropriate.

Based on the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Docket No. 74) is denied.

It is so ordered this 12th day of May, 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma