# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLOVER CONSTRUCTION COMPANY, INC. and PAUL GLOVER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. CIV-07-112-FHS<br>) |
| CARLISLE MABREY, III; et al., | )<br>) |
| Defendants. | ) |

## ORDER AND OPINION

Plaintiffs, Glover Construction Company, Inc. and Paul Glover (collectively "Glover"), have filed a Motion for Leave to Amend Complaint (Dkt. No. 117). Glover seeks leave to file a Third Amended Complaint to conform to the June 4, 2010, Order and Judgment of the Tenth Circuit Court of Appeals. In its Order and Judgment, the Tenth Circuit determined that Glover had sufficiently alleged a First Amendment retaliation claim for Glover's public criticism of the Highway 64 construction project against the Oklahoma Department of Transportation (ODOT) Commissioners (Carlisle Mabrey, III, James Dunnegan, Dan Overland, Jackie Cooper, Loyd Benson, Bruce Benbrook, Bradley Burgess, and Guy Berry) and ODOT employees, Norman H. Hill (general counsel), Gary Ridley (chief executive officer), and Gary Evans (director). The Tenth Circuit also held that Glover had failed to state a claim upon which relief can be granted on such First Amendment claim against Skip Nicholson (investigator), Darren Saliba (division engineer), and George Raymond (construction engineer and executive officer). As to the remaining claims for retaliation for petitions for redress, retaliation for exercising due process, and equal protection violation, the Tenth Circuit likewise held that Glover

1

failed to state a claim upon which relief can be granted as to all defendants.  In its Motion to Amend Complaint, Glover states that all claims dismissed by the Tenth Circuit for failure to state a claim upon which relief can be granted have been removed from the proposed Third Amended Complaint. Likewise, Glover states that all defendants dismissed by the Tenth Circuit have been removed from the proposed Third Amended Complaint, with the exception of Nicholson.  Thus, Glover's proposed amendment is limited to an attempt to substantiate a claim against Nicholson for retaliation for Glover's exercise of its First Amendment right to free speech.[1]

Under Rule 15 (a) of the Federal Rules of Civil Procedure, leave to amend "should be freely given when justice so requires." In balancing the competing interests at stake, courts should be mindful of the fact that the "freely given" standard of Rule 15(a) embodies the historic principle of resolution of issues on the merits, as opposed to resolution based on mere technicalities. Conley v. Gibson, 355 U.S. 41, 48 (1957).  The mandate of Rule 15(a), however, is not without any limitations.  A trial court's decision to grant or deny a motion to amend is within its sound discretion.  Foman v. Davis, 371 U.S. 178, 182 (1962); Federal Ins.

---

[1] At the December 8, 2010, hearing on Glover's Motion to Amend Complaint, counsel for Glover addressed the Court's concerns about the inconsistencies between the representations made in the Motion to Amend Complaint and the allegations of the proposed Third Amended Complaint.  As viewed by the Court, the proposed Third Amended Complaint includes language which could be viewed as the assertion of claims, i.e., retaliation for petitions for redress and retaliation for exercising due process, which Glover represented in the Motion to Amend Complaint as being removed from the proposed Third Amended Complaint.  Counsel acknowledged this conflict and affirmatively represented to the Court that the proposed amendment is limited to an attempt to substantiate an action against Nicholson on the remaining claim for retaliation for the exercise of the First Amendment right to free speech.

Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987); Triplett v. LeFlore County, Okla., 712 F.2d 444, 446 (10th Cir. 1983). "[D]istrict courts may withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of an amendment'". United States ex rel. Ritchie v. Lockhead Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009)(quoting Foman, 371 U.S. at 182). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Jefferson County Sch. Dist. v. Moody's Investor's Services, 175 F.3d 848, 859 (10th Cir. 2009); see also Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992); Schepp v. Fremont County, 900 F.2d 1448, 1451 (10th Cir. 1990). In the instant case, the court finds the proposed amendment is futile as it fails to state a claim upon which relief can be granted as to Nicholson.

Glover attempts to revive its First Amendment retaliation claim against Nicholson in paragraphs 28 through 37 of the proposed Third Amended Complaint. Glover contends that ODOT investigator Nicholson, a former television newsman, used his contacts with the media to publish unfavorable stories about Glover in retaliation for Glover having exposed ODOT's poor design of Highway 64. Proposed Third Amended Complaint, ¶ 28. Nicholson is also alleged to have "instituted a broad sweeping investigation" of Glover in order to retaliate against Glover. Id. Several examples of this retaliation are attempted to be set forth by Glover in the proposed Third Amended Complaint: Nicholson encouraged general counsel Hill to seek a search warrant of Mr. Glover's home and/or office when Nicholson knew there was no probable cause for any search, id. at ¶ 29; Nicholson encouraged law enforcement to subpoena records from hotels Mr. Glover had stayed on vacation and had such records

3

published to ODOT officials even though such records had no relevance to any investigation of Glover, id. at ¶¶ 29 and 30; Nicholson investigated insurance claims unrelated to ODOT business with the implication being that Nicholson believed Mr. Glover had used company funds to build his private residence, id. at ¶¶ 31 and 32; Nicholson caused a personal Internal Revenue Service (IRS) audit of Mr. Glover which was without justification, unnecessary, and needless, id. at ¶¶ 32 and 33; but for Nicholson's "wrongful retaliatory and incorrect speculation about construction of Mr. Glover's home to the IRS and other wrongful retaliatory statements regarding Glover's tax liability, Mr. Glover would not have been audited," id. at ¶ 33; Nicholson called an environmental agency about Mr. Glover burning trash on his property and Mr. Glover's property was subjected to an unfounded inspection - with the speculation being that Mr. Glover was burning evidence, id. at ¶¶ 34 and 35.

These allegations against Nicholson in the proposed Third Amended Complaint essentially mirror the allegations of the Second Amended Complaint found to be insufficient by the Tenth Circuit under the standard for assessing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(in reviewing a complaint a court must determine if the complaint contains "enough facts to state a claim to relief that is plausible on its face"). This "plausibility" standard requires factual allegations that are "enough to raise a right to relief above the speculative level." Id. at 555. On appeal, the Tenth Circuit recited the allegations against Nicholson as set forth in paragraph 37 of the Second Amended Complaint:

Nicholson encouraged Hill to seek a search warrant for

> Glover's "home and/or office" knowing there was no
> probable cause; Nicholson encouraged law enforcement
> officers to subpoena records from hotels where Mr. Glover
> stayed on vacation; Nicholson investigated insurance
> claim allegations unrelated to ODOT; Nicholson once
> called an environmental agency because trash was burned
> on Mr. Glover's property and; Nicholson and Hill caused
> Glover to be audited by the IRS.

Glover v. Mabrey, et al., 384 Fed. Appx. 763, 770 (10th Cir. 2010). The Tenth Circuit determined these allegations did not pass the "plausibility" standard under Twombly because, other than the IRS audit, Glover had not alleged that Nicholson's actions "actually caused a third party to take any action against it." Mabrey, 384 Fed. Appx. at 770. The allegations of the proposed Third Amended Complaint suffer from the same deficiency. The allegations of the proposed Third Amended Complaint regarding the search warrant, the subpoena of hotel records, the investigation of an insurance claim, and the report to the unnamed environmental agency are recited as they were in the defective Second Amended Complaint - in the sense that they are allegations of "merely 'encouraging' or engaging in action" not tied with any specificity to resulting harm to Glover. Id. Consequently, they are likewise deficient as asserted in the proposed Third Amended Complaint.

Glover has attempted to bolster the allegations concerning the IRS audit[2] by claiming that "[b]ut for Nicholson's wrongful retaliatory and incorrect speculation about construction of Mr. Glover's home to the IRS and other wrongful retaliatory statements

---

[2] As it did in the Second Amended Complaint, Glover asserts in the proposed Third Amended Complaint that "without justification Nicholson caused a personal IRS audit of Mr. Glover." Proposed Third Amended Complaint, ¶ 32; see Second Amended Complaint, ¶39 ("Nicholson . . . caused Glover to be audited by the IRS even though this was completely unrelated to any ODOT endeavor.").

5

regarding Glover's tax liability, Mr. Glover would not have been audited." Proposed Third Amended Complaint, ¶ 33. As noted by the Tenth Circuit in its Order and Judgment, in order to plead and prove a successful retaliatory inducement to prosecute claim, such as that asserted by Glover with respect to the IRS audit, Glover is required to show "that the nonprosecuting official [Nicholson] acted in retaliation, and must also show that he induced the prosecutor [IRS] to bring charges that would not have been initiated without his urging." Hartman v. Moore, 547 U.S. 250, 262 (2006). Stated otherwise, the complaint must allege with "sufficient specificity that the IRS lacked cause to conduct any audit which took place." Mabrey, 384 Fed. Appx. at 772. Glover has failed to do so in its proposed Third Amended Complaint. Glover's additional allegations that focus on Nicholson's actions, i.e., "but for" Nicholson's actions the IRS audit would not have taken place, fail to bridge the specificity gap necessary for an assertion that the IRS lacked cause to conduct an audit. These additional allegations errantly focus on Nicholson's allegedly retaliatory animus and they lack any specificity as to the central issue of whether the IRS lacked cause to undertake any investigation and audit. Consequently, Glover's allegations concerning the IRS audit as asserted in the proposed Third Amended Complaint are likewise deficient.

Based on the foregoing reasons, the Court concludes Glover's Motion to Amend Complaint should be denied as futile as the proposed amendment would not withstand a motion to dismiss for failure to state a claim upon which relief can be granted as to Nicholson. Glover's Motion to Amend Complaint (Dkt. No. 117) is therefore denied.

It is so ordered this 16th day of December, 2010.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma